## REYNOLDS *vs.* WOODS.

A copy of a promissory note attached to a declaration containing the com-
mon counts, with a notice to the defendant that the suit is brought against
him as a party to the note, is not enough to authorize the plaintiff to dis-
regard an order for a bill of particulars : to justify such a course the note
must be stated to be the only demand on which the plaintiff claims to
recover.

*M. T. Reynolds*, for the defendant, moved to set aside the
default and subsequent proceedings on the part of the plain-
tiff.   The declaration was in assumpsit, and contained the
common counts, with a notice that "this suit is brought
against you as a party to a promissory note, of which the

Garrett v. Teller.

following is a copy," setting out the note. The defendant obtained and served an alternative order for a bill of particulars, staying the plaintiff's proceedings in the mean time, and subsequently an order absolute. The plaintiff disregarded the orders, on the ground that the notice served with the declaration was a bill of particulars, entered default, and proceeded to judgment and execution.

*A. Sheldon*, for the plaintiff, opposed the motion, and relied on the case of *Payne* v. *Smith*, 19 *Wendell*, 122.

*By the Court*, Bronson, J. If the plaintiff wishes to avoid delay, he can easily do it by delivering a bill of particulars with his declaration. But it must either be a bill of particulars, *in terms*, as was the case in *Payne* v. *Smith*, or it must in some other way be plainly stated that the specified demand is the *only* one on which the plaintiff claims to recover. The notice in this case does not come up to that standard. It is only such a notice as is usually given where the action is brought against several parties to a bill or note who could not be jointly sued at the common law. It was not a bill of particulars, and the plaintiff was consequently irregular in disregarding the orders, and proceeding to judgment.

Motion granted.